UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNIE SCOTT,

   Plaintiff,

  v.

ERIC GOLDING, et al.,

   Defendants.

Case No. 19-cv-06046-HSG

**ORDER SCREENING SECOND AMENDED COMPLAINT**

Re: Dkt. No. 12

  Plaintiff, an inmate at California State Prison – Los Angeles County, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that officials at Pelican Bay State Prison, where he was previously housed, violated his constitutional rights. His amended complaint (Dkt. No. 12) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A. Standard of Review**

  A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Initial Complaint**

On November 27, 2019, the Court screened the initial complaint and found that its allegation that Dr. Kumar and RN Golding failed to provide appropriate medical treatment for plaintiff's fractured thumb stated a cognizable Eighth Amendment claim and a cognizable state-law claim for violation of Cal. Gov't Code § 845.6 against Dr. Kumar and RN Golding. The Court dismissed the federal due process claim with prejudice, and dismissed with leave to amend the equal protection claim and the claims against Warden Robertson. The Court ordered service on Dr. Kumar and RN Golding. *See* Dkt. No. 7.

**C.    Amended Complaint**

The amended complaint again names Dr. Kumar, RN Golding, and Warden Robertson as defendants. The amended complaint's factual allegations are the same as the factual allegations in the initial complaint. The amended complaint's allegation that Dr. Kumar and RN Golding failed to provide appropriate medical treatment for plaintiff's fractured thumb again states a cognizable Eighth Amendment claim and a cognizable state-law claim for violation of Cal. Gov't Code § 845.6 against Dr. Kumar and RN Golding (Claims I and II). *See* Dkt. No. 12 ("Am Compl.").

The amended complaint's third claim alleges that defendants violated the equal protection clause when Dr. Kumar and RN Golding failed to provide appropriate medical treatment and when Warden Robertson failed to properly supervise Dr. Kumar and RN Golding because these actions

denied plaintiff "the same medical attention that is required for other prisoners with similar injuries as plaintiff." Am. Compl. at 10. Plaintiff has failed to state an equal protection claim. As explained in the Court's November 27, 2019 order screening the initial complaint, when a prisoner challenges his treatment with regard to other prisoners, a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). A plaintiff can establish an equal protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). The mere fact that plaintiff was treated differently from other similarly situated inmates does not state an equal protection claim. The differential treatment must be intentional and invidious. The Court will DISMISS the equal protection claim but grant plaintiff one more opportunity to amend this claim, if he believes that he can truthfully allege an equal protection claim. Plaintiff is reminded that "a formulaic recitation of the elements of a cause of action" is insufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Plaintiff has also failed to state cognizable claims against Warden Robertson. Plaintiff's conclusory allegation that Warden Robertson failed to supervise Dr. Kumar and RN Golding is insufficient to state a cognizable claim for Section 1983 liability. The Court will grant plaintiff one more opportunity to allege claims against Warden Robertson, if he believes that he can truthfully do so. Plaintiff must provide more than conclusory statements of liability; he must provide facts from which it can be reasonably inferred that Warden Robertson is liable pursuant to Section 1983 for the alleged constitutional violations committed by his subordinates.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The amended complaint's allegation that Dr. Kumar and RN Golding failed to provide appropriate medical treatment for plaintiff's fractured thumb states a cognizable Eighth Amendment claim and state-law claim for violation of Cal. Gov't Code § 845.6 against Dr. Kumar

3

and RN Golding. The Court DISMISSES with leave to amend the equal protection claim and the claims against Warden Robertson. Plaintiff may either (1) file a second amended complaint to address the deficiencies identified above or (2) proceed solely on the claims found cognizable above.

2. If plaintiff proceeds solely on the claims found cognizable above, the briefing schedule remains unchanged because the factual allegations in the amended complaint are the same as those in the initial complaint.

3. If plaintiff wishes to file a second amended complaint, he must do so within **twenty-eight (28) days** of the date of this order. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-06046 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present, including the ones already found cognizable above, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the second amended complaint. Failure to file a second amended complaint in accordance with this order in the time provided will result in the amended complaint (Dkt. No. 12) remaining the operative complaint, and this action proceeding solely on the claims found cognizable above. The Clerk shall include two copies of a blank complaint form with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: 1/21/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge