UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC GOLDING, et al.,<br><br>    Defendants. | Case No. 19-cv-06046-HSG<br><br>**ORDER DENYING MOTION FOR COURT TO ORDER UNITED STATES MARSHAL TO COMPLETE SERVICE ON DEFENDANTS KUMAR AND GOLDING VIA WAIVER OF SERVICE**<br><br>Re: Dkt. No. 25 |

Petitioner has requested that the Court order the United States Marshal to complete service on defendants Kumar and Golding. Dkt. No. 25. Petitioner states that California Deputy Attorney General ("DAG") Wilfred Fong has filed a waiver of reply indicating that the defendants waive any deficiencies in service of the summons and complaint. Petitioner therefore requests that the United States Marshal serve defendants' counsel, DAG Fong, with a waiver of service. Petitioner further states that he has reason to believe that defendants Golding and Kumar have previously accepted service of summons and complaint at Pelican Bay State Prison in C No. 19-cv-01613 WHA, *Robinson v. Robertson, et al.* Petitioner's request is DENIED for the following reasons.

First, petitioner misunderstands the record. The only defendant that has appeared in this action is defendant Golding. On January 29, 2020, DAG Fong appeared on behalf of defendant Golding and filed a waiver of reply and a demand for jury trial. Dkt. No. 14. By filing this waiver of reply and demand for jury trial, defendant Golding has acknowledged that he has accepted service of the summons and complaint, even though the executed summons has not yet been filed in the record. Nothing in the record indicates that defendant Kumar has been served. No executed summons has been filed by the United States Marshal; defendant Kumar has not made any filings

in this action; and DAG Fong does not yet represent defendant Kumar.[1] Plaintiff is incorrect that DAG Fong has waived any defects in service with respect to both defendants. Dkt. No. 23 at 3; Dkt. No. 25 at 2. As explained *supra*, DAG Fong currently only represents defendant Golding, and has only filed a waiver of reply on defendant Golding. Dkt. No. 14; Dkt. No. 15 at 2. The waiver of reply only waives deficiencies in service of the summons and complaint with respect to defendant Golding.[2] Dkt. No. 14.

Second, plaintiff misunderstands the service requirement, the procedure for waiving service, and the United States Marshal's role in effecting service. To commence an action against a party, the plaintiff must serve a copy of the complaint with a summons in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 4. The defendant having accepted service in a separate action, whether or not the other action makes similar allegations, does not constitute effecting service in this particular action.[3] While a Court must order that the United States Marshal serve the summons and complaint for plaintiffs proceeding *in forma pauperis*, as is the case with plaintiff, the Federal Rules of Civil Procedure do not require that the United States Marshal assist a plaintiff proceeding *in forma pauperis* in requesting that a defendant waive service of summons. *Compare* Fed. R. Civ P. 4(c) *with* Fed. R. Civ. P. 4(d). If plaintiff wishes to request that defendant Kumar waive service, he may do so pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Nor is the United States Marshal responsible for ensuring (or completing) service of process. Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the United States Marshal, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, it is not yet clear why the United States Marshal has so far been unable to effect

---

[1] DAG Fong has indicated that the California Office of the Attorney General will represent defendant Kumar when defendant Kumar is served or when defendant Kumar accepts service. Dkt. No. 15 at 2.
[2] 42 U.S.C. § 1997e(g) provides that any defendant to a lawsuit brought by an incarcerated person may waive the right to answer the complaint without admitting the allegations set forth in the complaint. 42 U.S.C. § 1997e(g).
[3] Defendant Kumar is not a named defendant in C No. 19-cv-01613 WHA, *Robinson v. Robertson, et al.*

service upon defendant Kumar and if there are any defects which plaintiff may need to remedy.

Accordingly, the Court orders as follows. The Court DENIES as moot plaintiff's request that defendant Golding be served. Defendant Golding has been served and has appeared in this action. The Court DENIES plaintiff's request that the United States Marshal serve defendant Kumar with a request for a waiver of service  Plaintiff may request that defendant Kumar waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The Court DENIES plaintiff's request that the United States Marshal effect service on defendant Kumar. The Court has already ordered the United States Marshal to serve the summons and complaint on defendant Kumar. Until the United States Marshal files the summons in the record, the Court cannot determine why service has not yet been effected.

This order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated:  3/19/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge