UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SCOTT,<br>        Plaintiff,<br>v.<br>ERIC GOLDING, et al.,<br>        Defendants. | Case No. 19-cv-06046-HSG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 29 |

Plaintiff, an inmate at California State Prison – Los Angeles County, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is plaintiff's motion to compel further response to his discovery requests. Dkt. No. 29. Plaintiff's motion to compel is DENIED without prejudice to re-filing after he complies with the meet-and-confer requirement set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a). Fed. R. Civ. P. 37(a)(1) requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 37-1(a) provides that the Court will not entertain a request or a motion to resolve a discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. N.D. Cal. L. R. 37-1(a). Plaintiff's motion to compel lacks the necessary certification that plaintiff has in good faith conferred with defendants in an effort to obtain the requested discovery without court action. Accordingly, plaintiff's motion to compel is DENIED without prejudice to re-filing with the requisite certification if he is unable to resolve the dispute after good faith meet-and-confer efforts.

//

1     This order terminates Dkt. No. 29.

2     **IT IS SO ORDERED.**

3 Dated: 5/19/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge