UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC GOLDING, et al.,<br><br>    Defendants. | Case No. 19-cv-06046-HSG<br><br>**ORDER DENYING WITHOUT PREJUDICE PENDING SUMMARY JUDGMENT MOTIONS; DENYING REMAINING MOTIONS AS MOOT; SETTING CASE MANAGEMENT SCHEDULE**<br><br>Re: Dkt. Nos. 31, 37, 42, 44, 50 |

Plaintiff, an inmate at California State Prison – Los Angeles County, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") doctors Kumar and RN Golding. For the reasons set forth below, the Court DENIES the pending motions for summary judgment without prejudice to re-filing (Dkt. Nos. 31, 37); sets the case management schedule specified below, and DENIES the remaining motions as moot (Dkt. Nos. 42, 44).

## I. Procedural History

Plaintiff filed this action on September 25, 2019. Dkt. No. 1. On November 27, 2019, the Court found that the complaint stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs and a cognizable state-law claim for violation of Cal. Gov't. Code § 845.6 against defendants Golding and Kumar, and ordered service on defendants. Dkt. No. 7. Plaintiff filed an amended complaint on December 24, 2019, which also stated the same cognizable claims against defendants Golding and Kumar. Dkt. Nos. 12, 13. The amended complaint is the operative complaint.

Defendant Golding appeared in this action on January 29, 2020, Dkt. No. 14, and filed a dispositive motion on May 19, 2020, Dkt. No. 31.

1    Defendant Kumar appeared in this action on May 28, 2020, Dkt. No. 33, and filed a
2    dispositive motion on June 15, 2020, Dkt. No. 37.

3    On April 16, 2020, prior to any dispositive motions being filed, plaintiff filed a motion to
4    compel further responses to the interrogatories that he served on defendant Golding on February
5    24, 2020.  Dkt. No. 27.  The Court denied this motion to compel for failing to comply with the
6    meet-and-confer requirements set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a).  Dkt. No.
7    28.  The denial was without prejudice to refiling once plaintiff had conferred in good faith with
8    defendants.  Dkt. No. 28.  On May 11, 2020, plaintiff filed a motion to compel further responses to
9    his request for admissions and for production of documents.  Dkt. No. 29.  The Court also denied
10   this motion to compel for failing to comply with the meet-and-confer requirements set forth in
11   Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a) without prejudice to refiling.  Dkt. No. 32.

12   On June 25, 2020, plaintiff requested that the Court delay deciding the pending summary
13   judgment motions until his outstanding discovery issues were resolved.  Dkt. No. 42.  Plaintiff
14   reported that he had been unable to conduct discovery with respect to defendant Kumar because
15   Kumar had only recently appeared in the action, and that there were outstanding discovery issues
16   pending with defendant Golding.  Dkt. No. 42.

**II.    Discussion**

18   Both summary judgment motions are fully briefed.  However, the Court is concerned that
19   plaintiff has had to oppose summary judgment motions without the benefit of discovery, and the
20   record indicates that plaintiff has made diligent efforts to pursue discovery.  Accordingly, the
21   Court DENIES both summary judgment motions without prejudice to re-filing after discovery is
22   completed.

23   The Court sets the following case management schedule.

24   By October 23, 2020, plaintiff shall file a status report with the Court, detailing what
25   discovery issues remain outstanding and otherwise indicating the status of discovery.

26   By January 31, 2020, the parties shall conclude fact discovery.

27   By March 1, 2020, defendants shall file and serve a motion for summary judgment or other
28   dispositive motion.  Defendants may simply re-file the summary judgment motions docketed at

1  Dkt Nos. 31 and 37 if they believe these summary judgment motions adequately address plaintiff's

2  claims.  Defendants may also file new summary judgment motions if they so choose.

3  By April 1, 2020, plaintiff shall file with the Court, and serve upon defendants, his

4  opposition to the summary judgment or other dispositive motion.

5  Defendants shall file a reply brief no later than 14 days after the date they receive the

6  opposition or the date the opposition is docketed in the electronic filing system, whichever is

7  earlier.  The motion shall be deemed submitted as of the date the reply brief is due.

8  In light of the denial without prejudice of the pending summary judgment motions, the

9  Court DENIES as moot plaintiff's motion to delay judgment on the pending summary judgment

10 motions; motion for an extension of time to file his opposition to defendant Kumar's summary

11 judgment motion; and motion to stay rulings on defendant Kumar's summary judgment motion.

12 Dkt. Nos. 42, 44, 50.

## CONCLUSION

14 For the reasons set forth above, the Court DENIES without prejudice the pending summary

15 judgment motions (Dkt. Nos. 31, 37); DENIES as moot plaintiff's motion to delay judgment on

16 the pending summary judgment motions; motion for an extension of time to file his opposition to

17 defendant Kumar's summary judgment motion; and motion to stay rulings on defendant Kumar's

18 summary judgment motion (Dkt. Nos. 42, 44, 50); and sets the case management schedule set

19 forth above.

20 This order terminates Dkt. Nos. 31, 37, 42, 44, 50.

21 **IT IS SO ORDERED.**

22 Dated:  9/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge